No. 22-1940

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

———————————

MARQUIS WILSON,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

———————————

## BRIEF FOR APPELLEE

———————————

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney
General*

JACQUELINE C. ROMERO
*United States Attorney*

MARK B. STERN
SUSHMA SONI
*Attorneys, Appellate Staff
Civil Division, Room 7218
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-4331*

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION ..................................................................1

STATEMENT OF THE ISSUES...................................................................1

STATEMENT OF RELATED CASES .............................................................2

STATEMENT OF THE CASE ........................................................................2

    A.    Statutory Background..................................................................2

    B.    Factual Background .....................................................................5

    C.    Prior Proceedings........................................................................5

SUMMARY OF ARGUMENT......................................................................10

STANDARD OF REVIEW ...........................................................................12

ARGUMENT ................................................................................................12

THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY
JUDGMENT FOR THE GOVERNMENT ON PLAINTIFF'S FEDERAL
TORT CLAIMS ACT SUIT ALLEGING MEDICAL MALPRACTICE
UNDER PENNSYLVANIA LAW...................................................................12

    I.    Summary Judgment Was Appropriate Where Plaintiff Could Not
        Prove His Complex Medical Malpractice Claim Without Expert
        Testimony And Plaintiff Repeatedly Stated That He Intended To
        Proceed Without Such Testimony ................................................12

    II.    The District Court Did Not Err In Failing To Allow Discovery
        Prior To Summary Judgment.......................................................18

    III.    This Case Does Not Present An Occasion For The Court To
        Revisit Its Precedents Holding That The Pennsylvania Certificate
        Of Merit Statute Is Substantive State Law That Applies In
        Federal Court In Appropriate Cases.............................................29

CONCLUSION ...................................................................................................................34

COMBINED CERTIFICATIONS

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Armament Servs. Int'l Inc. v. Attorney Gen. United States,*
760 F. App'x 114 (3d Cir. 2019) ...................................... 25

*Barefoot Architect, Inc. v. Bunge,*
632 F.3d 822 (3d Cir. 2011) ...........................................19

*Baumgardner v. Ebbert,*
535 F. App'x 72 (3d Cir. 2013) ...................................... 32

*Beissel v. Pittsburgh & Lake Erie R.R. Co.,*
801 F.2d 143 (3d Cir. 1986) .......................................... 14

*Bestwall LLC, In re,*
47 F.4th 233 (3d Cir. 2022) .......................................... 19

*Bilinski v. Wills Eye Hosp.,*
760 F. App'x 125 (3d Cir. 2019) ..................................... 16

*Booker v. United States,*
366 F. App'x 425 (3d Cir. 2010) ............................... 21, 32

*Bracy v. Pfizer Inc.,*
839 F. App'x 691 (3d Cir. 2020) ..................................... 21

*Bradley v. United States,*
299 F.3d 197 (3d Cir. 2002) ................ 12, 22, 23, 24, 29

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ................................................ 12, 21

*Clemmons v. United States,*
793 F. App'x 109 (3d Cir. 2019) ..................................... 32

*Collins v. Hand,*
246 A.2d 398 (Pa. 1968) ...............................................18

*Commonwealth v. Harth,*
252 A.3d 600 (Pa. 2021) ............................................... 4

*Cooper v. Alliance Oral Surgery, LLC,*
586 F. App'x 100 (3d Cir. 2014) ..................................... 28

*Corley v. United States,*
11 F.4th 79 (2d Cir. 2021) ............................................. 33

*Crawford v. McMillan,*
660 F. App'x 113 (3d Cir. 2016) ................................... 31

*Cuevas v. United States,*
580 F. App'x 71 (3d Cir. 2014) ............................... 16, 18

*Ditch v. Waynesboro Hosp.,*
917 A.2d 317 (Pa. Super. Ct.), *appeal granted on other grounds,*
934 A.2d 1150 (Pa. 2007) (per curiam), *aff'd without op.,*
17 A.3d 310 (Pa. 2011) ................................................ 15

*Donaldson v. Maffucci,*
156 A.2d 835 (Pa. 1959) .......................................... 14, 18

*Dowling v. City of Philadelphia,*
855 F.2d 136 (3d Cir. 1988) .................................... 21, 23

*Erie R. Co. v. Tompkins,*
304 U.S. 64 (1938) ...................................................... 31

*FDIC v. Meyer,*
510 U.S. 471 (1994) ................................................. 3, 32

*Fessenden v. Robert Packer Hosp.,*
97 A.3d 1225 (Pa. Super. Ct. 2014) ......................... 9, 15

*Gallegor by Gallegor v. Felder,*
478 A.2d 34 (Pa. Super. Ct. 1984) ............................... 18

*Gallivan v. United States,*
943 F.3d 291 (6th Cir. 2019) ....................................... 33

*Hakeem v. Salaam,*
260 F. App'x 432 (3d Cir. 2008) ................................. 18

*Hart v. City of Philadelphia,*
779 F. App'x 121 (3d Cir. 2019) ................................. 23

*Hightower-Warren v. Silk,*
698 A.2d 52 (Pa. 1997) ..................................... 13, 14, 15

*Hodge v. U.S. Dep't of Justice,*
372 F. App'x 264 (3d Cir. 2010) ................................. 32

iv

*Jones v. Harrisburg Polyclinic Hosp.*,
437 A.2d 1134 (Pa. 1981) ..................................................................... 14, 27

*Juday v. Merck & Co.*,
730 F. App'x 107 (3d Cir. 2018) ..................................................................... 23

*Knapp v. United States, Dep't of Health & Human Servs.*,
836 F. App'x 86 (3d Cir. 2020) ..................................................................... 23

*Koehnke v. City of McKeesport*,
350 F. App'x 720 (3d Cir. 2009) ..................................................... 20, 23, 25

*Kurian ex rel. Kurian v. Anisman*,
851 A.2d 152 (Pa. Super. Ct. 2004) ..................................................................... 18

*Liggon-Redding v. Estate of Sugarman*,
659 F.3d 258 (3d Cir. 2011) ..................................................... 8, 31, 32, 33

*Lohmiller v. Weidenbaugh*,
469 A.2d 578 (Pa. 1983) ..................................................................... 3

*Lomando v. United States*,
667 F.3d 363 (3d Cir. 2011) ..................................................................... 19

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013) ..................................................................... 24, 28

*Mertzig v. Booth*,
No. 11-1462, 2012 WL 1431238 (E.D. Pa. Apr. 25, 2012) ..................................... 28

*Mitchell v. Shikora*,
209 A.3d 307 (Pa. 2019) ..................................................................... 13, 18

*Murphy v. Millennium Radio Grp. LLC*,
650 F.3d 295 (3d Cir. 2011) .....................................................................22

*National Ass'n For Stock Car Auto Racing (NASCAR) v. Scharle*,
184 F. App'x 270 (3d Cir. 2006) ..................................................................... 23, 29

*Nayak v. C.G.A. Law Firm*,
620 F. App'x 90 (3d Cir. 2015) ..................................................................... 32

*Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*,
692 F.3d 283 (3d Cir. 2012) ..................................................................... 20, 33

*Parkell v. Danberg,*
  833 F.3d 313 (3d Cir. 2016) .......................................................... 28

*Pennsylvania, Dep't of Pub. Welfare v. Sebelius,*
  674 F.3d 139 (3d Cir. 2012) .......................................................... 22

*Pledger v. Lynch,*
  5 F. 4th 511 (4th Cir. 2021) .......................................................... 33

*Popa v. Harriet Carter Gifts, Inc.,*
  52 F.4th 121 (3d Cir. 2022) .......................................................... 12

*Porter v. Department of the Treasury,*
  564 F.3d 176 (3d Cir. 2009) .......................................................... 27

*Quinby v. Plumsteadville Family Practice, Inc.,*
  907 A.2d 1061 (Pa. 2006) .................................................... 8, 9, 15

*Radich v. Goode,*
  886 F.2d 1391 (3d Cir. 1989) ........................................................ 23

*Renchenski v. Williams,*
  622 F.3d 315 (3d Cir. 2010) ..........................................................23

*Robles v. Casey*:
  No. 1:10-cv-2663, 2012 WL 6931971 (M.D. Pa. Aug. 29, 2012),
    *adopted by* 2013 WL 308699 (M.D. Pa. Jan. 25, 2013) ............. 13
  No. 1:10-cv-2663, 2013 WL 308699 (M.D. Pa. Jan. 25, 2013) .................. 18

*Rodriguez v. United States*:
  695 F. App'x 669 (3d Cir. 2017) ............................................. 17-18
  No. 3:14-1149, 2016 WL 4480761 (M.D. Pa. Aug. 23, 2016),
    *aff'd*, 695 F. App'x 669 (3d Cir. 2017) ..................................... 28

*Schmigel v. Uchal,*
  800 F.3d 113 (3d Cir. 2015) ............................................. 4, 31, 32

*Shelton v. Bledsoe,*
  775 F.3d 554 (3d Cir. 2015) .......................................................... 22

*Smith v. Bolava,*
  632 F. App'x 683 (3d Cir. 2015), *cert. denied*,
  578 U.S. 981 (2016) ............................................................. 31-32

*Smith v. United States*,
498 F. App'x 120 (3d Cir. 2012) ...................................... 32

*Smith v. Yohe*,
194 A.2d 167 (Pa. 1963) ...................................... 14, 15

*St. Surin v. Virgin Islands Daily News, Inc.*,
21 F.3d 1309 (3d Cir. 1994) ...................................... 22, 24

*Stimmler v. Chestnut Hill Hosp.*,
981 A.2d 145 (Pa. 2009) ...................................... 13

*Tabron v. Grace*,
6 F.3d 147 (3d Cir. 1993) ...................................... 19

*Toogood v. Owen J. Rogal, D.D.S., P.C.*,
824 A.2d 1140 (Pa. 2003) ...................................... 15

*Williams v. Office of Dist. Attorney Erie Cty.*,
751 F. App'x 196 (3d Cir. 2018) ...................................... 24

*Womer v. Hilliker*,
908 A.2d 269 (Pa. 2006) ...................................... 32

*Young v. Halligan*,
789 F. App'x 928 (3d Cir. 2019), *cert. denied*,
140 S. Ct. 2812 (2020) ...................................... 31

*Young v. United States*,
942 F.3d 349 (7th Cir. 2019) ...................................... 33

**Statutes:**

Federal Tort Claims Act (FTCA):
28 U.S.C. § 1291 ...................................... 1
28 U.S.C. § 1346(b) ...................................... 1
28 U.S.C. § 1346(b)(1) ...................................... 2
28 U.S.C. § 2674 ...................................... 2

**Rules:**

Fed. R. Civ. P. 8 ................................................................................................ 33

Fed. R. Civ. P. 9 ................................................................................................ 33

Fed. R. Civ. P. 12 .............................................................................................. 33

Fed. R. Civ. P. 56(a) ......................................................................................... 20

Fed. R. Civ. P. 56(b) ......................................................................................... 20

Fed. R. Civ. P. 56(d) ................................................................................. 1, 2, 22

Fed. R. Civ. P. 56 advisory committee's note to 2009 amendment .................. 20

Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment ............. 22

Pa. R. Civ. P. 1042.3 ........................................................................................... 2

Pa. R. Civ. P. 1042.3(a) ......................................................................... 1, 3, 9, 29

Pa. R. Civ. P. 1042.3(a)(1)-(3) ........................................................................ 3-4

Pa. R. Civ. P. 1042.3(a)(3) ......................................................................... 10, 30

Pa. R. Civ. P. 1042.3(a)(3) note .................................................................... 4, 16

Pa. R. Civ. P. 1042.3(e) ...................................................................................... 4

Pa. R. Civ. P. 1042.6(a) ...................................................................................... 4

Pa. R. Civ. P. 1042.6(c) ................................................................................. 4, 29

Pa. R. Civ. P. 1042.10 ......................................................................................... 4

Pa. R. Civ. P. 1042.11 ......................................................................................... 4

Pa. R. Civ. P. 1042.12 ......................................................................................... 4

**Other Authority:**

Restatement (Second) of Torts § 328D (Am. Law Inst. 1965) ........................ 14

# STATEMENT OF JURISDICTION

Plaintiff Marquis Wilson invoked the jurisdiction of the district court under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). JA14 (Compl.).[1] On April 26, 2022, the district court granted summary judgment in favor of the government. JA4 (Order). On May 11, 2022, plaintiff filed a timely notice of appeal. JA1 (Notice). This Court has jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

Federal Rule of Civil Procedure 56(d) gives a district court the discretion to defer ruling on a summary judgment motion or allow time for the parties to take discovery if the nonmovant files an affidavit indicating that it requires discovery in order to oppose the motion. Pennsylvania Rule of Civil Procedure 1042.3(a) requires medical malpractice plaintiffs to certify that an appropriate licensed professional supplied a written statement that a reasonable probability exists that the medical care at issue fell outside acceptable professional standards, or that expert testimony is unnecessary for prosecution of the claim. On appeal in plaintiff's FTCA suit alleging medical malpractice under Pennsylvania law, the questions presented are

1. Whether the district court correctly granted summary judgment for the government because it found that plaintiff could not prove his complex medical

---

[1] All citations are to the relevant pages of the Joint Appendix (JA _) or to the docket number in the district court for items not included in the appendix (R. _).

malpractice claim without expert testimony and plaintiff repeatedly stated that he intended to proceed without such testimony.

2.  Whether the district court correctly ruled without permitting discovery when plaintiff did not ask the court to defer consideration of the summary judgment motion under Federal Rule of Civil Procedure 56(d) and urged that the government's liability was self-evident.

3.  Whether the application of the Pennsylvania certificate of merit statute, Pa. R. Civ. P. 1042.3, to plaintiff's FTCA claim has any bearing on this case inasmuch as the district court declared that its holding was not based on the certificate of merit statute.

## STATEMENT OF RELATED CASES

This case has not previously been before this Court. *Calvin Uretsky v. United States*, No. 22-3016 (3d Cir.), which involves a New Jersey affidavit of merit law, has been briefed but argument is not yet scheduled.

## STATEMENT OF THE CASE

### A.    Statutory Background

The Federal Tort Claims Act waives the government's sovereign immunity and creates a cause of action for tort claims against the United States based on the conduct of its employees.  The statute permits tort actions "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see also id.* § 2674

("The United States shall be liable[] * * * in the same manner and to the same extent as a private individual under like circumstances[] * * * ."). The substantive law of the relevant state establishes the cause of action for FTCA purposes. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). This action concerns medical treatment provided by the Bureau of Prisons in Pennsylvania, and the United States is therefore liable to the same extent as a private person in like circumstances under Pennsylvania law.

As relevant here, Pennsylvania law provides that in any action for professional liability, including a medical malpractice action, "the attorney for the plaintiff, or the plaintiff if not represented," must file a certificate of merit signed by the attorney or the plaintiff along with the complaint or within 60 days after filing the complaint. Pa. R. Civ. P. 1042.3(a).[2] The certificate must state that (1) "an appropriate licensed professional" supplied a written statement that a "reasonable probability" exists that the medical care at issue "fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm," or (2) the claim is based solely on the defendant's vicarious liability for other licensed professionals who allegedly deviated from an acceptable professional standard, or (3) "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa. R.

---

[2] The Pennsylvania Rules of Civil Procedure are promulgated by the Pennsylvania Supreme Court and have the same force and effect as statutes passed by the legislature. *Lohmiller v. Weidenbaugh*, 469 A.2d 578, 580 n.4 (Pa. 1983).

Civ. P. 1042.3(a)(1)-(3); *see also* Pa. R. Civ. P. 1042.10 (form).[3]  Only (a)(3) is at issue here.  In the absence of "exceptional circumstances," an attorney who certifies under (a)(3) that an expert is unnecessary for prosecution of the claim "is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation."  Pa. R. Civ. P. 1042.3(a)(3) note.  *See generally Commonwealth v. Harth*, 252 A.3d 600, 617 (Pa. 2021) ("[W]e may consult the explanatory comment of the committee which worked on the rule in determining the proper construction and application thereof.").

In state court, if the plaintiff or his attorney fails to file the certificate, the defendant can seek entry of a judgment of *non pros* against the plaintiff under Rule 1042.7, which results in dismissal of the action without prejudice.  *See also* Pa. R. Civ. P. 1042.12; *Schmigel v. Uchal*, 800 F.3d 113, 117 n.5 (3d Cir. 2015).  If the statute of limitations has not expired, the plaintiff will be able to refile his claim.  *See generally Schmigel*, 800 F.3d at 117 n.5.  The defendant must first give written notice of his intention to seek a judgment *non pros*, at which point the plaintiff may seek a determination by the court on the necessity of filing a certificate of merit.  Pa. R. Civ. R. 1042.6(a), (c); *see also* Pa. R. Civ. P. 1042.11.

---

[3] If a *pro se* plaintiff signs the certificate, he must also attach to the certificate the written statement from the appropriate licensed professional as required by (a)(1) and (2).  Failure to do so is itself grounds for a judgment of *non pros*.  Pa. R. Civ. P. 1042.3(e).

## B.  Factual Background

Plaintiff Marquis Wilson is an incarcerated federal prisoner.  JA15 (Compl.).

From May 2014 until February 2018, plaintiff was a pretrial detainee at the federal

detention center in Philadelphia, Pennsylvania.  JA5 (Mem.); JA17 (Compl.).  In

November 2017, plaintiff received medical attention for a painful swelling on his right

testicle.  JA17 (Compl.); JA6 (Mem.).  Plaintiff communicated further with the

detention center's medical staff about his condition but did not undergo testing or

receive an official diagnosis.  JA6 (Mem.); JA17 (Compl.).  Plaintiff was sentenced on

January 8, 2018, and transferred to the Federal Correctional Institution in Allenwood,

Pennsylvania on February 5, 2018.  On February 6, 2018, the Allenwood medical staff

examined plaintiff, sent him to a specialist, and ordered an ultrasound test, which

revealed that the swelling was cancerous.  Plaintiff underwent surgical removal of his

right testicle on February 21, 2018.  JA18 (Compl.); JA6 (Mem.).

## C.  Prior Proceedings

1.  After exhausting his administrative remedies, plaintiff filed an FTCA action

against the United States for $20 million in damages, alleging that the agency failed to

diagnose and treat his testicular cancer in a timely manner, resulting in the removal of

his testicle.  JA14-21 (Compl.).[4]  Plaintiff asked the court to appoint counsel "due to

---

[4] Plaintiff filed separate administrative claims for $10 million each with the
Bureau of Prisons and the U.S. Marshals Service under the mistaken impression that
the Marshal's Service was responsible for the Philadelphia detention center.  JA15-16

*Continued on next page.*

the complex nature of this case and due to the investigatory necessities required to prepare this case during the discovery phase up to and including trial." JA20 (Compl.).

Plaintiff did not file a certificate of merit for his claim. JA6 (Mem.). After two months, the government gave notice of its intention to move to dismiss the complaint for failure to file the certificate, JA25 (Def.'s Notice), at which point plaintiff sought and received multiple extensions of time to conduct the research necessary for him to take a position on the certificate of merit or obtain counsel to file the certificate, JA6 (Mem.). After almost a year, the court declined to grant further extensions and simultaneously denied plaintiff's request that counsel be appointed to assist him. JA6-7 (Mem.).

The government then moved to dismiss plaintiff's complaint for failure to file the certificate. In response, plaintiff "concede[d]" that he could not secure a certificate of merit from a medical professional and asked the court to treat his reply as a certification under Rule 1042.3(a)(3) that "expert testimony of an appropriate license professional is unnecessary for prosecution of claims." JA32, 38 (Pl.'s Reply); JA7 (Mem.). Plaintiff "unequivocally" asserted that his negligence claim was so "patently obvious" that expert testimony was not required. JA39 (Pl.'s Reply). The

---

(Compl.). Because the Bureau is responsible for both the detention center and the Allenwood prison facility, plaintiff's damages are in fact limited to the amount of his administrative claim against the Bureau, *i.e.*, $10 million. JA53-54, 57 (Def.'s Answer).

government then withdrew its motion to dismiss, JA48-50 (Def.'s Mot. to Withdraw), and filed an answer and a motion for summary judgment, JA53-58 (Def.'s Answer); JA62-78 (Def.'s Summ. J. Mot.).

After reviewing the record, the court *sua sponte* reconsidered plaintiff's earlier request for appointment of counsel and listed plaintiff's case on the Court's pro bono panel for prisoner cases, R. 31 (Order), where the case remained pending for over a year, with all case deadlines stayed, without attracting representation, JA7 (Mem.). During this period, plaintiff filed a response to the summary judgment motion, in which he asked to move forward with discovery and reiterated that the record was "so clear and obvious" that a medical expert was unnecessary at this juncture. JA79 (Pl.'s Response). Plaintiff did not identify any material facts in dispute that would preclude summary judgment or file a Rule 56(d) affidavit stating that he required discovery in order to oppose summary judgment.

In February 2022, at plaintiff's request, the court removed plaintiff's case from the pro bono panel and granted plaintiff 45 days within which to file any additional materials in response to the motion for summary judgment. JA7 (Mem.); R. 41 (Order). Plaintiff did not file any further materials or motions. JA7 (Mem.).

2. The district court granted summary judgment for the government. The court acknowledged that the parties had not engaged in discovery but found that the government had admitted the following material facts essential to plaintiff's claim: that the detention center medical staff evaluated plaintiff in November 2017 and

7

noted the swelling; that plaintiff subsequently contacted the medical staff about his condition; and that plaintiff did not receive further testing, diagnosis, or surgery until his transfer to Allenwood in February 2018.  JA8 n.1 (Mem.).

The court observed that while the Third Circuit has not issued a published decision on whether the Pennsylvania certificate requirement applies in FTCA actions, it has held in the diversity context that Rule 1042.3 is substantive state law that must be followed by federal courts.  JA8 n.2 (citing *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011)).  The court further noted that the Second, Fourth, Sixth, and Seventh Circuits have held that requiring an FTCA plaintiff to file a state law certificate of merit as a prerequisite to filing a medical malpractice action in district court conflicts with the Federal Rules of Civil Procedure.  JA9 n.2 (Mem.) (citing cases).  The court declined to decide the issue, however, because regardless of whether Rule 1042.3 applies, plaintiff had announced his intention to proceed without an expert, relying on the doctrine of *res ipsa loquitur* to prove his case.  JA8-9 (Mem.).

The court stated that, under Pennsylvania law, the doctrine of *res ipsa loquitur* properly applies where a plaintiff can show that the injury is of a sort that would not have occurred in the absence of the defendant's negligence. JA9 (Mem.) (citing *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1071 (Pa. 2006)).  The court noted that Pennsylvania courts have drawn a distinction between "medically complex" cases with issues beyond "lay knowledge" where expert testimony is required and "non-complex medical scenario[s]" that do not require expert testimony, such as failing to

secure a quadriplegic to an examination table or leaving a sponge inside a patient's abdomen. JA10 (Mem.) (alteration in original) (quoting *Quinby*, 907 A.2d at 1073) (citing *Fessenden v. Robert Packer Hosp.*, 97 A.3d 1225 (Pa. Super. Ct. 2014)).

The court acknowledged that on this record, a fact finder could conclude without the benefit of expert testimony that there was an unreasonable delay of approximately three months in responding to plaintiff's complaints. JA10-11 (Mem.). However, the court pointed out, "the consequences of the delay are not self-evident," and "[w]here the issue of causation is complex, expert testimony is required." JA11 (Mem.). "The degree to which the cancer would have spread within the limited window, and the extent of the required surgery, represent complex, nuanced issues." JA12 (Mem.).

The court concluded that plaintiff had not met the *res ipsa loquitur* standard for inferring causation because it was "impossible" to eliminate "other responsible causes" for plaintiff's injury "without an expert to opine about the nature of [p]laintiff's cancer, its rate of growth, the necessary scope of surgical treatment, and side effects that might have resulted even in the absence of any delay." JA12 (Mem.); *see also* JA5 (Mem.). The court acknowledged the burden that plaintiff faced as a *pro se* prisoner in finding and paying for an expert and noted the various steps that the court

had taken to mitigate that burden.[5]  But the court ultimately concluded that, under the controlling legal standard, the government was entitled to summary judgment.  JA12 (Mem.).

3.  On appeal, this Court ordered the appointment of pro bono counsel for plaintiff and asked the parties to address "among any other issues:  (1) whether Pennsylvania Rule of Civil Procedure 1042.3(a) applies to actions brought under the FTCA; and (2) whether the District Court erred by failing to allow for discovery before granting summary judgment in favor of the defendant."  Order (Oct. 11, 2022).

## SUMMARY OF ARGUMENT

This appeal involves a federal prisoner's FTCA action for medical malpractice under Pennsylvania law.  In district court, plaintiff stated in multiple filings that his tort claim of delayed cancer diagnosis and treatment was so patently obvious that he would prove his claim without expert testimony under the *res ipsa loquitur* doctrine. Plaintiff also certified under Pennsylvania Rule of Civil Procedure 1042.3(a)(3) that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim."  The district court concluded that plaintiff's claim was sufficiently complex that expert testimony was in fact necessary, and that regardless of whether Rule 1042.3(a) applied here, plaintiff did not meet the *res ipsa loquitur* standard

---

[5] The court pointed out that plaintiff failed to obtain representation even after the court posted the case on the pro bono panel for a year and highlighted the fact that counsel accepting representation could seek reimbursement of expert witness fees through the court's non-appropriated funds.  JA12 (Mem.).

for inferring causation. That is the only issue decided by the district court, and that decision is consistent with the caselaw of Pennsylvania and this Court and should be affirmed.

On appeal, this Court directed the parties to address whether the district court erred by failing to allow for discovery before granting summary judgment in favor of the government. Plaintiff did not make this argument either in response to the summary judgment motion or in a post-trial motion, and the district court accordingly never considered the issue in the first instance. Although plaintiff now argues that the district court should have construed one of his filings as a Rule 56(d) affidavit, asking the court to suspend consideration of the summary judgment motion pending discovery, that two-page summary judgment response did not contain the bare minimum of substantive information that a Rule 56(d) affidavit must contain.

This Court also directed the parties to address whether Rule 1042.3(a) applies to actions under the FTCA. The parties did not brief this issue below because plaintiff stated in numerous filings that the certificate requirement applied to his claim; the district court expressly stated that it was unnecessary to address the issue on summary judgment and ruled against plaintiff without regard to Rule 1042.3(a). This Court thus should not address this question for the first time on appeal in a case that did not turn on the application of the Rule to plaintiff's FTCA claim.

## STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo, "viewing the facts and making all reasonable inferences in the nonmovant's favor." *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 125 (3d Cir. 2022). This Court reviews a claim that the district court has prematurely granted summary judgment for an abuse of discretion. *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002).

## ARGUMENT

## THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT FOR THE GOVERNMENT ON PLAINTIFF'S FEDERAL TORT CLAIMS ACT SUIT ALLEGING MEDICAL MALPRACTICE UNDER PENNSYLVANIA LAW

### I. Summary Judgment Was Appropriate Where Plaintiff Could Not Prove His Complex Medical Malpractice Claim Without Expert Testimony And Plaintiff Repeatedly Stated That He Intended To Proceed Without Such Testimony.

The only issue expressly decided by the district court was whether plaintiff's FTCA claim for medical malpractice was sufficiently complex that expert testimony would be required to prove the elements of that claim. The district court correctly concluded that it was. Because plaintiff repeatedly told the court that he intended to proceed without expert testimony, plaintiff failed to make a sufficient showing on an essential element of his case and summary judgment was proper. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**A.** In his complaint, plaintiff alleged that the Philadelphia detention center medical staff failed to diagnose or treat his testicular cancer in a timely manner,

resulting in the surgical removal of his right testicle. JA14-21 (Compl.). To establish his medical malpractice cause of action under Pennsylvania law, plaintiff had to establish that (1) the medical staff owed him a duty; (2) the staff breached that duty by failing to timely diagnosis and treat his cancer; (3) the breach proximately caused the surgical removal of his right testicle; and (4) the damages that plaintiff suffered were a direct result of that harm. *See Mitchell v. Shikora*, 209 A.3d 307, 314 (Pa. 2019).[6]

Pennsylvania courts have long recognized that in all but the most rare and self-evident cases, a plaintiff must also provide a medical expert who will testify as to the elements of duty, breach, and causation. *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 154-55 (Pa. 2009); *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997). *See generally Robles v. Casey*, No. 1:10-cv-2663, 2012 WL 6931971, at *16 (M.D. Pa. Aug. 29, 2012) (magistrate judge report and recommendation), *adopted by* 2013 WL 308699 (M.D. Pa. Jan. 25, 2013). A narrow exception to the expert testimony requirement "applies where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons."

---

[6] Throughout the opening brief, plaintiff conflates the February 2018 early-stage cancer diagnosis and the limited surgery that removed his right testicle with his later diagnosis with stage 2 cancer and a major abdominal surgery "that resulted in the loss of his reproductive functions." Br. 1, 5, 12, 28, 31-33. *But see* R. 10 (Pl.'s Ext. Mot.) (plaintiff has alleged that defendant failed to timely treat him for cancer, which made "the only treatment available to him the surgical removal of one of his testicles"). The latter events are not set out in the September 2019 complaint and plaintiff never amended his complaint to include them as elements of his claim, despite ample opportunity to do so. The Court should therefore disregard plaintiff's references to any events taking place after the February 2018 surgery.

*Hightower-Warren*, 698 A.2d at 54 n.1.  Simple medical scenarios not requiring expert testimony include "where gauzes are left in a patient's body, where a dentist's tool slips permitting the rotating tool to remain in the patient's mouth, [and] where a surgeon stitching a cheek thrusts a needle into the eye of the patient." *Smith v. Yohe*, 194 A.2d 167, 170 n.4 (Pa. 1963); *accord Donaldson v. Maffucci*, 156 A.2d 835, 839 (Pa. 1959).

Courts have sometimes discussed the evidentiary burden in these self-evident medical malpractice cases in terms of the doctrine of *res ipsa loquitur*, which allows the district court to infer negligence and causation without direct medical evidence by relying on common lay knowledge that the event would not have occurred without negligence. *Jones v. Harrisburg Polyclinic Hosp.*, 437 A.2d 1134, 1137-38 (Pa. 1981) (extending *res ipsa loquitur* doctrine to medical malpractice cases).[7]  But reliance on *res ipsa loquitur* does not relieve the plaintiff of the burden of proving "essential elements"

---

[7] *Res ipsa loquitur* doctrine requires a three-step inquiry, under which "[i]t may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328D (Am. Law Inst. 1965); *Beissel v. Pittsburgh & Lake Erie R.R. Co.*, 801 F.2d 143, 149 (3d Cir. 1986).

of the medical malpractice action, *i.e.*, the standard of care and breach of that standard. *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1150 (Pa. 2003) (plurality).

The need for expert testimony in a medical malpractice claim will therefore turn on the facts and allegations of the individual case. *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 323 (Pa. Super. Ct.), *appeal granted on other grounds*, 934 A.2d 1150 (Pa. 2007) (per curiam), *aff'd without op.*, 17 A.3d 310 (Pa. 2011) (per curiam). Thus, Pennsylvania courts have found expert testimony unnecessary (or approved a jury instruction on *res ipsa loquitur*) where, among other things, a quadriplegic patient fell off an examination table while unattended, *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1073 (Pa. 2006); a doctor failed to take diagnostic x-rays of an elderly patient who had fallen, *Smith v. Yohe*, 194 A.2d at 172-73; and a surgical sponge was left in a patient's abdomen following surgery, *Fessenden v. Robert Packer Hosp.*, 97 A.3d 1225, 1232-33 (Pa. Super. Ct. 2014).

**B.** In numerous district court filings, plaintiff asserted that his malpractice claim was "so patently obvious" that expert testimony was not required and stated his unequivocal intention not to rely on expert testimony at this juncture. JA38-39 (Pl.'s Reply); *accord* JA28-30 (Pl.'s Reply) (relationship between government's alleged delay and plaintiff's loss of "pro-creation ability/[f]unction" "is obviously stated in plaintiff's medical records and need not be attested by [a] medical expert at this

juncture").[8]  Plaintiff asked the court to treat his reply to the government's notice of intention to move for dismissal as a certification under Rule 1042.3(a)(3) that "expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim."  JA38-39 (Pl.'s Reply).  Plaintiff acknowledged that the consequence of his (a)(3) certification "is a prohibition against offering expert testimony later in the litigation absent 'exceptional circumstances.'"  JA42 (Pl.'s Reply) (citing Pa. R. Civ. P. 1042.3(a)(3) note).[9]

**C.**  The district court examined the undisputed facts and plaintiff's allegations and concluded that plaintiff could not prove causation on this record without expert testimony.  JA11-12 (Mem.).  The court noted that plaintiff alleged a delay of approximately three months from his November 2017 examination by the detention center staff to his February 2018 surgery at Allenwood.  The court found that "[t]he degree to which the cancer would have spread within the limited window, and the extent of the required surgery, represent complex, nuanced issues."  JA12 (Mem.).  *Cf.* JA20 (Compl.) (requesting appointment of counsel "due to the complex nature of this

---

[8] *Accord* JA79 (Pl.'s Response) (stating that "what plaintiff is alleging is patently obvious"); R. 10, at 2 (Pl.'s Ext. Mot.) (stating that "an expert witness does not have to be provided in a medical malpractice action where even a layman on a jury would, through common sense, be able to judge whether or not medical malpractice occurred"); R. 13, at 2 (Pl.'s Ext. Mot.) (same); R. 21, at 2 (Pl.'s Ext. Mot.) (same).

[9] This Court has recognized in non-precedential decisions that plaintiffs are bound by their (a)(3) certifications and are precluded, absent exceptional circumstances, from presenting expert testimony at summary judgment or trial. *Bilinski v. Wills Eye Hosp.*, 760 F. App'x 125, 127 (3d Cir. 2019); *Cuevas v. United States*, 580 F. App'x 71, 75 (3d Cir. 2014) (per curiam).

case and * * * the investigatory necessities required to prepare this case during the discovery phase up to and including trial").

The court concluded that the *res ipsa loquitur* doctrine did not apply because it was "impossible to determine" whether the evidence sufficiently eliminated "other responsible causes" for the surgical removal of plaintiff's testicle "without an expert to opine about the nature of [p]laintiff's cancer, its rate of growth, the necessary scope of surgical treatment, and side effects that might have resulted even in the absence of any delay." JA12 (Mem.). *Cf.* JA29 (Pl.'s Reply) (acknowledging that it was "partially true" that "removal of [his right] testicle was basically inevitable").

The district court's decision is correct and should be affirmed. Contrary to plaintiff's assertion (Br. 30-31), delayed diagnosis and treatment are not analogous to a surgical tool or gauze left inside a patient after an operation. The process of arriving at a medical diagnosis and then determining an appropriate treatment plan is complicated and requires the exercise of medical judgment outside the common knowledge of laypersons. Plaintiff needed expert testimony to link the alleged three-month delay in diagnosis and treatment of his cancer to the loss of his testicle—the only injury identified in his complaint—and to sufficiently eliminate other potential causes of the surgery.

Not surprisingly, this Court has found that expert testimony was necessary in a range of similarly complex cases involving allegations of delayed diagnosis and treatment. *See, e.g.*, *Rodriguez v. United States*, 695 F. App'x 669, 672 (3d Cir. 2017) (per

curiam) (alleged delay in treating inmate's kidney stone); *Cuevas v. United States*, 580 F. App'x 71, 75 (3d Cir. 2014) (per curiam) (alleged delay in diagnosing inmate's broken foot).  *See generally Robles v. Casey*, No. 1:10-cv-2663, 2013 WL 308699, at *7-8 (M.D. Pa. Jan. 25, 2013) (alleged delay in doctor's diagnosis and treatment of corneal growth).[10]  Courts cannot simply presume or infer negligence because a medical procedure resulted in an "unfortunate result which might have occurred despite the exercise of reasonable care."  *Mitchell*, 209 A.3d at 315 (quoting *Collins v. Hand*, 246 A.2d 398, 401 (Pa. 1968)).

Because plaintiff insisted that he would not rely on expert testimony, he could not create a genuine issue for trial on his claim and summary judgment was appropriate.  *Hakeem v. Salaam*, 260 F. App'x 432, 434 (3d Cir. 2008) (per curiam).

## II.    The District Court Did Not Err In Failing To Allow Discovery Prior To Summary Judgment.

In its October 11, 2022 order, this Court specifically asked the parties to address "whether the District Court erred by failing to allow for discovery before granting summary judgment in favor of the defendants."  Order (Oct. 11, 2022).

---

[10] Courts applying Pennsylvania law have likewise found expert testimony to be necessary in cases involving, among other things, the insertion of an endotracheal tube during subcutaneous mastectomy surgery, *Hakeem v. Salaam*, 260 F. App'x 432, 434 (3d Cir. 2008) (per curiam); reduction of a wrist fracture, *Donaldson*, 156 A.2d at 838-39; evaluation of damage to and repair of a minor child's heart and lungs, *Kurian ex rel. Kurian v. Anisman*, 851 A.2d 152, 154-55 (Pa. Super. Ct. 2004); and a nerve injury suffered during an ear surgery, *Gallegor by Gallegor v. Felder*, 478 A.2d 34, 37 (Pa. Super. Ct. 1984).

Plaintiff argues that the district court should have deferred consideration of the government's summary judgment motion until plaintiff had conducted discovery and that the court's failure to construe one of plaintiff's filings as a Rule 56(d) affidavit was an abuse of discretion that must be reversed by this Court. *See, e.g.*, Br. 13. This Court need not address this argument, which plaintiff forfeited by failing to make it in district court in response to the summary judgment motion or in a post-judgment motion. *See, e.g., In re Bestwall LLC*, 47 F.4th 233, 242 & n.11 (3d Cir. 2022). In any event, the argument lacks merit.

**A.** As a threshold matter, plaintiff forfeited this argument by failing to raise it in district court in response to the summary judgment motion or in a post-trial motion. *Lomando v. United States*, 667 F.3d 363, 381 n.19 (3d Cir. 2011). When considering whether to exercise its discretion to hear a forfeited issue, this Court considers, among other things, whether the issue's resolution is of public importance, whether the issue is a pure question of law where refusal to reach the issue would result in a miscarriage of justice, the need to prevent surprise to the parties "when a case is decided on some basis on which they have not presented argument," and the need to ensure that necessary evidentiary development occurs in the trial court. *Id.* (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)). *Cf. Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993).

None of these considerations warrants the exercise of the Court's discretion. Plaintiff failed to file a Rule 56(d) affidavit or argue in a post-judgment motion that

the district court decision failed to address its discovery request; plaintiff therefore did not present the issue with sufficient specificity to alert the district court and the government that this issue was joined. The resolution of this issue does not implicate the broader public interest, and the government has briefed the defense of forfeiture on appeal. Plaintiff has not shown the type of "exceptional circumstances" that would warrant the exercise of this Court's discretion to consider the Rule 56(d) issue for the first time on appeal. *See generally Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 301-02 (3d Cir. 2012). This Court therefore need not address the discovery issue and can affirm on the basis of the district court opinion.

**B.** 1. In any event, plaintiff's argument that the district court should not have granted summary judgment prior to discovery is meritless. Summary judgment is appropriate whenever there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Federal Rules do not prevent parties from moving for summary judgment "at any time," *see* Fed. R. Civ. P. 56(b), "even as early as the commencement of the action," *see* Fed. R. Civ. P. 56 advisory committee's note to 2009 amendment. *See generally Koehnke v. City of McKeesport*, 350 F. App'x 720, 723 (3d Cir. 2009). In response to the summary judgment motion, plaintiff failed to identify any genuine issues of material fact in dispute, arguing instead that the undisputed facts prove malpractice as a matter of law. *E.g.*, JA79-80 (Pl.'s Response) (listing facts allegedly admitted by the government).

For the purpose of summary judgment, it does not matter whether the parties actually engaged in discovery so long as they had an adequate opportunity to do so. *See generally Celotex*, 477 U.S. at 322. Plaintiff had that opportunity during the almost three years between the filing of the complaint and the entry of judgment in this case. *Cf. Bracy v. Pfizer Inc.*, 839 F. App'x 691, 694 (3d Cir. 2020) (affirming denial of summary judgment as premature where plaintiff filed for summary judgment within a week of filing his first amended complaint and nonmovant did not have adequate opportunity to obtain discovery).

While indigent *pro se* prisoners undoubtedly labor under disadvantages with respect to the conduct of certain types of discovery, like depositions, plaintiff did not take any concrete steps to inform the court or the government that he needed to obtain materials through discovery. *Cf.* R. 2, at 4 (*Pro Se* Notice to Pl.) (stating, under "Discovery," "You are responsible for sending your discovery requests to the opposing party"). Plaintiff did not file interrogatories, submit document requests or requests for admissions, or ask the court to set up a discovery schedule. *See generally Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) (affirming summary judgment prior to discovery where nonmovant failed to pursue available discovery avenues or comply with Rule 56(d)). *Cf. Booker v. United States*, 366 F. App'x 425, 429 (3d Cir. 2010) (per curiam) (noting that indigent *pro se* prisoner had "located a qualified physician[ and] compiled his medical records" to support his FTCA claim).

If plaintiff required discovery in order to oppose summary judgment, his proper course was to file a Rule 56(d) affidavit in response to the summary judgment motion.[11] The Rule 56(d) affidavit must identify "with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Bradley v. United States*, 299 F.3d 197, 206-07 (3d Cir. 2002) (quoting *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)). District courts usually grant "properly filed" Rule 56(d) motions "as a matter of course." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309-10 (3d Cir. 2011)). Although plaintiff faults the district court for failing to address his supposed Rule 56(d) request, *see* Br. 14-15, plaintiff never filed a Rule 56(d) affidavit at any point between the filing of the motion for summary judgment and the entry of judgment, even after the district court

---

[11] Rule 56(d) provides that

[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56(d) "carries forward without substantial change" the provision formerly codified at Rule 56(f). Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment; *Pennsylvania, Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 n.3 (3d Cir. 2012). To avoid confusion, we will refer to the current and prior versions as Rule 56(d).

allowed plaintiff 45 days to submit any additional materials related to summary judgment after removal of the case from the pro bono panel, *see* R. 41 (Order).

In all but the most exceptional cases, failure to comply with Rule 56(d)'s requirements "is fatal to a claim of insufficient discovery on appeal." *Bradley*, 299 F.3d at 207; *accord Hart v. City of Philadelphia*, 779 F. App'x 121, 128 (3d Cir. 2019) (per curiam); *Koehnke*, 350 F. App'x at 723; *National Ass'n For Stock Car Auto Racing (NASCAR) v. Scharle*, 184 F. App'x 270, 273 (3d Cir. 2006). A district court therefore does not abuse its discretion by granting summary judgment prior to discovery (or prior to the close of discovery) where, as here, the nonmovant failed to file a Rule 56(d) affidavit. *See Radich v. Goode*, 886 F.2d 1391, 1394-95 (3d Cir. 1989); *Dowling*, 855 F.2d at 140; *Knapp v. United States, Dep't of Health & Human Servs.*, 836 F. App'x 86, 90 n.5 (3d Cir. 2020) (FTCA action); *Juday v. Merck & Co.*, 730 F. App'x 107, 112 (3d Cir. 2018).

Plaintiff suggests that the district court should have informed him about the consequences of failing to file a Rule 56(d) affidavit and analogizes to a district court's responsibilities when it *sua sponte* converts a motion to dismiss into a motion for summary judgment. Br. 38-39 & n.8 (citing, *inter alia*, *Renchenski v. Williams*, 622 F.3d 315, 340 (3d Cir. 2010)). Plaintiff's analogy is inapt. Plaintiff does not claim that he was unaware of the Rule 56(d) affidavit requirement or even of the potential importance of discovery in opposing summary judgment. And this Court considered and rejected plaintiff's argument in a recent non-precedential opinion, stating that

23

while the Court has "recognized an obligation to provide notice of Rule 56's requirements when a court converts a motion to dismiss to a summary judgment motion *sua sponte*, we have never held that such notice is necessary when a motion for summary judgment is initiated by the parties." *Williams v. Office of Dist. Attorney Erie Cty.*, 751 F. App'x 196, 199 (3d Cir. 2018) (citation omitted). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) ("[T]here is *no* case law requiring courts to provide general legal advice to pro se parties.").

2. While the failure to comply with technical requirements of Rule 56(d) is not "automatically fatal," *see St. Surin*, 21 F.3d at 1314, this Court has a "strong presumption" against finding constructive compliance with Rule 56(d) and will do so only in "exceptional" cases, *see Bradley*, 299 F.3d at 207 & n.12. Plaintiff nonetheless contends that he has met this high bar because his response to the summary judgment motion clearly requests discovery in order to obtain plaintiff's Bureau of Prisons medical documents and expert testimony. *See* JA79-80 (Pl.'s Response). Plaintiff argues that his summary judgment response met all the substantive requirements of a Rule 56(d) affidavit. Br. 2, 13-15, 17-18, 36-37.

While the first sentence of plaintiff's response asks the district court to "move forward with discovery," JA79 (Pl.'s Response), plaintiff considerably over-reads the remainder of the filing. The document states that plaintiff is relying on his Bureau of Prisons medical records, which will substantiate facts "admitted by the defendant" and will show "that what plaintiff is alleging is patently obvious and with such clarity,

it will show it clearly is in violation of the law that protects the plaintiff while he is incarcerated." JA79 (Pl.'s Response). But the filing does not state that plaintiff needs the medical documents or that he does not have the documents or that he has taken specific steps to obtain the documents and met resistance. On appeal, plaintiff speculates that the medical records might have allowed him to identify genuine issues of material fact (Br. 28); may have shown that the cause of his injuries was "obvious" and allowed him to establish causation without an expert (Br. 32-33); and might have informed him of the date when he first sought medical attention for his condition (Br. 33). But plaintiff did not make any of these arguments in district court and cannot make them for the first time on appeal.[12]

Plaintiff's summary judgment response also makes several contradictory references to medical experts in the context of his (a)(3) certification that he will prove his claims *without* expert testimony. The document states that a medical expert is both impossible to obtain due to the pandemic and unnecessary due to the

---

[12] The date that plaintiff first contacted the Philadelphia detention center's medical staff should surely be within plaintiff's own knowledge. *See generally Armament Servs. Int'l Inc. v. Attorney Gen. United States*, 760 F. App'x 114, 121 (3d Cir. 2019) (no abuse of discretion to grant summary judgment prior to discovery where, *inter alia*, the plaintiff sought information "she surely already possessed"); *Koehnke*, 350 F. App'x at 723 (same, where "Koehnke did not need to conduct discovery in order to adduce evidence of what she knew and when she knew it"). Indeed, plaintiff refers to and relies on the medical documents in his other fillings as if he already has those documents in his possession. JA30 (Pl.'s Reply) (referring to material that "is obviously stated in plaintiff's medical records and need not be attested by [a] medical expert at this juncture").

obviousness of his medical claim; the response further asserts that plaintiff's "case and the circumstances around it are so unusual [that] it would satisfy the standard for a medical expert to be available later." JA79 (Pl.'s Response). But the filing does not identify with specificity what expert testimony would reveal, explain how that testimony would preclude summary judgment, or set out the steps plaintiff has taken, without success, to try to obtain that testimony—all of which are substantive requirements of a Rule 56(d) affidavit.

On appeal, plaintiff asserts that he required expert testimony in order to rebut the government's argument that he could not prove his case without expert testimony. Br. 13, 34. Even if plaintiff had made this argument below—which he did not—it is nonsensical. Having consistently told the district court and the government that proof of his FTCA claim did not require expert testimony and that he intended to proceed under the doctrine of *res ipsa loquitur*,[13] plaintiff could not change his mind on the theory of the case at the last minute to try to avoid summary judgment. Plaintiff's assertion that courts decide whether a plaintiff can proceed on a *res ipsa loquitur* theory only after a full record is developed during discovery or at trial, Br. 29-30, is a red herring. Section 328D of the Restatement of Torts, which defines *res ipsa loquitur* for purposes of Pennsylvania law, describes two avenues for establishing liability without

---

[13] *Accord* Br. 28-29; *see supra* pp. 12-18; JA79 (Pl.'s Response) (plaintiff does not need expert testimony because the record is "so clear and obvious [that] a medical expert is unnecessary at this juncture").

direct medical evidence: (1) reliance on common lay knowledge that the event would not have occurred without negligence and (2) where there is no fund of common knowledge, reliance on medical knowledge that the event would not have occurred without negligence. *Jones v. Harrisburg Polyclinic*, 437 A.2d at 1138. Medical testimony is relevant only for the second option. Plaintiff foreclosed reliance on that option by insisting throughout the district court proceedings that he would proceed without expert testimony.

Plaintiff blames the pandemic for his failure to obtain expert testimony. Br. 14, 27, 34-35. However, his summary judgment response paints a more complicated picture, stating that plaintiff "undoubtedly would love to have an expert" support his claim but cannot secure one due to pandemic restrictions on prison and hospital visits, his own incarceration, and his financial constraints. JA79 (Pl.'s Response); JA79 (Pl.'s Response) (Bureau of Prisons "would not provide the financial means or staff" to send someone to interview an expert for him). *See generally* JA30-32 (Pl.'s Reply). And plaintiff's pre-pandemic filings confirm that his difficulty in locating an expert witness (for purposes of his certificate of merit) was long-standing and rooted in his financial situation and his incarceration, and therefore would not be alleviated if the parties moved forward with discovery. *Cf. Porter v. Department of the Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (indigent prisoner's *in forma pauperis* status does not exempt him from costs of copying and filing documents, service of documents other than

complaint, costs, expert witness fees, or sanctions). *See generally* R. 10 (Pl.'s Ext. Mot.);

R. 13 (Pl.'s Ext. Mot.).[14]

    3.  Contrary to plaintiff's suggestion (Br. 14-15, 17, 40), the liberal reading

accorded to *pro se* filings does not relieve him of the obligation to satisfy the

substantive requirements of Rule 56(d).  *See generally Mala*, 704 F.3d at 249 ("Our

traditional flexibility toward pro se pleadings does not require us to indulge

evidentiary deficiencies."); *Parkell v. Danberg*, 833 F.3d 313, 324 n.6 (3d Cir. 2016)

("[U]nrepresented litigants are not relieved from the rules of procedure and the

requirements of substantive law.").  This is particularly true at the summary judgment

stage, when even an unrepresented nonmoving party bears the burden of identifying

sufficient facts from the record that show a genuine issue for trial.

    Plaintiff did not follow the requirements of Rule 56(d) "in form, substance[,] or

spirit."  *See generally Cooper v. Alliance Oral Surgery, LLC*, 586 F. App'x 100, 101 (3d Cir.

2014).  And nothing in this record shows why this case should fall into the category of

"exceptional" cases where the failure to present the essential affidavit facts is excused.

---

[14] This Court does not need to decide whether plaintiff's (a)(3) certification would preclude him from introducing expert testimony for purposes of *res ipsa loquitur* at the summary judgment stage, or whether "exceptional circumstances" exist to overcome that prohibition.  *Cf. Rodriguez v. United States*, No. 3:14-1149, 2016 WL 4480761, at *5 (M.D. Pa. Aug. 23, 2016) (plaintiff's *pro se* status does not "constitute an 'exceptional circumstance' sufficient to override the expert testimony prohibition"), *aff'd*, 695 F. App'x 669 (3d Cir. 2017) (per curiam); *Mertzig v. Booth*, No. 11-1462, 2012 WL 1431238, at *4 (E.D. Pa. Apr. 25, 2012) ("Filing an (a)(3) certificate of merit only to discover that expert testimony is required is not an exceptional circumstances.").

*NASCAR*, 184 F. App'x at 274 (quoting *Bradley*, 299 F.3d at 207). Accordingly, the district court did not abuse its discretion in failing to construe plaintiff's response as a Rule 56(d) affidavit and failing to address plaintiff's request for discovery before granting summary judgment.

### III. This Case Does Not Present An Occasion For The Court To Revisit Its Precedents Holding That The Pennsylvania Certificate Of Merit Statute Is Substantive State Law That Applies In Federal Court In Appropriate Cases.

This Court's October 11, 2022 order also asked the parties to address "whether Pennsylvania Rule of Civil Procedure 1042.3(a) applies to actions brought under the FTCA." Order (Oct. 11, 2022). Plaintiff waived this argument below by repeatedly stating in his filings that the state law applied to his claim; the parties did not brief the issue in district court; and the district court expressly declined to decide the question. This Court therefore need not address this question on appeal. If the Court choses to do so, however, this Court's precedent makes clear that Rule 1042.3(a) is substantive state law that applies to actions brought under the FTCA.

**A.** As a threshold matter, plaintiff waived this argument. After the government gave written notice of its intention to move to dismiss the complaint for failure to file a certificate of merit under Rule 1042.3(a), plaintiff could have sought a determination by the court on the necessity of filing the certificate. Pa. R. Civ. R. 1042.6(c). Plaintiff did not do so. Instead, he repeatedly acknowledged in his filings that Rule 1042.3(a) applied to his FTCA claim. JA32-42 (Pl.'s Reply); JA79-80 (Pl.'s

Response); R. 10, at 1-2 (Pl.'s Ext. Mot.); R. 13, at 1-2 (Pl.'s Ext. Mot.); R. 18, at 1 (Pl.'s Notice); R. 21, at 1-2 (Pl.'s Ext. Mot.). The parties therefore did not brief the issue.

In ruling on plaintiff's motion for additional time to file a Rule 1042.3(a) certificate, the district court expressly declined to take a position on whether plaintiff was legally required to file a certificate of merit "given the claims asserted and facts alleged." R. 12 (Order). In its summary judgment decision, the district court *sua sponte* mentioned, in a footnote, the disagreement among the circuits on whether state certificates of merit are substantive law that applies in diversity or FTCA cases in federal court. JA8-9 (Mem.). But the court found it unnecessary to address the issue because "[r]egardless of whether Pennsylvania Rule of Civil Procedure 1042.3(a)(3) applies to actions brought under the FTCA, [p]laintiff is proceeding without an expert, relying upon the doctrine of *res ipsa loquitur* to prove his case," JA8-9 (Mem.) (footnote omitted), and plaintiff had not met the *res ipsa loquitur* standard for inferring causation, JA12 (Mem.).

This Court therefore need not, and indeed should not, address this issue for the first time on appeal in a case where the result, on its face, did not turn on the application of Rule 1042.3(a) to plaintiff's FTCA claim. This is particularly true because plaintiff takes the extraordinary step in his opening brief of urging the Court to reconsider and overrule several relevant precedents. Br. 23. This case offers a poor vehicle for such a potentially consequential action.

**B.** If this Court should nonetheless decide to address the question, the Court's own precedents clearly and decisively state that Rule 1042.3(a) is substantive state law that applies to cases applying Pennsylvania tort law in federal court. In *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011), this Court considered whether Rule 1042.3(a)(3) applied to a diversity action for legal malpractice under Pennsylvania law. This Court concluded that Rule 1042.3(a)(3) is substantive law under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "and must be applied as such by federal courts." *Liggon-Redding*, 659 F.3d at 265. The Court concluded that Rule 1042.3(a)(3) did not conflict with any Federal Rule, that it was outcome-determinative, that failing to apply it would encourage forum shopping and result in inequitable administration of the laws, and that no countervailing federal interest prevented its application in federal court. *Id.* at 262-65. "Were we not to apply the state rule, a defendant in federal court would be forced to engage in additional litigation and expense in a non-meritorious malpractice suit simply because the plaintiff was from a different state." *Id.* at 264.

This Court recently reaffirmed this conclusion in the diversity case *Schmigel v. Uchal*, 800 F.3d 113 (3d Cir. 2015), holding that one of the preconditions to dismissing an action for failure to comply with Rule 1042.3(a), fair notice to a plaintiff, is also substantive state law under *Erie* that applies even when a claim is brought in federal court. *Id.* at 115; *id.* 119-25; *accord Young v. Halligan*, 789 F. App'x 928, 931 (3d Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 2812 (2020); *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) (per curiam); *Smith v. Bolava*, 632 F. App'x 683, 687 (3d

31

Cir. 2015) (per curiam), *cert. denied*, 578 U.S. 981 (2016); *Nayak v. C.G.A. Law Firm*, 620 F. App'x 90, 94 (3d Cir. 2015) (per curiam).

The FTCA incorporates substantive state law. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Although this Court has not expressly held in a published opinion that Rule 1042.3(a) applies in FTCA cases in federal court, this Court has upheld the application of Rule 1042.3(a) to FTCA claims in a number of non-precedential decisions. *Clemmons v. United States*, 793 F. App'x 109, 114 (3d Cir. 2019) (per curiam); *Baumgardner v. Ebbert*, 535 F. App'x 72, 77 (3d Cir. 2013) (per curiam); *Smith v. United States*, 498 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *Hodge v. U.S. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (per curiam); *Booker*, 366 F. App'x at 426.

**C.** Plaintiff does not offer any persuasive ground for departing from the holdings of *Liggon-Redding* and *Schmigel* in this case. Although plaintiff calls Rule 1042.3(a) a "mere[] * * * technical requirement" located in the Pennsylvania Rules of Civil *Procedure* (Br. 21), the Pennsylvania Supreme Court stated that it adopted the rule to avoid the burdens that malpractice claims of questionable merit place on litigants and the courts. *See Womer v. Hilliker*, 908 A.2d 269, 275 (Pa. 2006). "The purpose of the requirement is to create a reasonable, early barrier that all malpractice plaintiffs must meet[] * * * ." *Schmigel*, 800 F.3d at 117; *accord Liggon-Redding*, 659 F.3d at 262-63.

Plaintiff acknowledges that this Court has already found no conflict between Rule 1042.3(a) and Federal Rules 8, 9, 11, and 12 for purposes of the *Erie* Rule[15] but urges this Court to reconsider that conclusion en banc in light of decisions in other circuits involving other states' certificates of merit. Br. 23-25 (discussing *Corley v. United States*, 11 F.4th 79 (2d Cir. 2021); *Pledger v. Lynch*, 5 F. 4th 511 (4th Cir. 2021); *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019); and *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)). But as those decisions make clear, certificate requirements vary considerably from state to state. It is therefore unsurprising that the different appellate courts would reach different conclusions about different states' certificate requirements.

For instance, Rule 1042.3(a) does not conflict with Federal Rules of Civil Procedure 8 and 9 because the certificate is not a pleading, it is not attached to the complaint, and it does not govern the content of pleadings or the level of specificity required. *Liggon-Redding*, 659 F.3d at 262-63. And Federal Rule of Civil Procedure 12 is not even implicated where, as here, plaintiff's claim was resolved on summary judgment rather than on a motion to dismiss. *See Young*, 942 F. 3d at 351-52 (no

---

[15] *See generally Nuveen High Yield Mun. Bond Fund*, 692 F.3d at 303-04 (reiterating that similar New Jersey affidavit of merit statute "can be applied by a federal court without voiding any Federal Rules" and "[*Bell Atlantic Corp. v. ]Twombly*, [*Ashcroft v. ]Iqbal*, and *Shady Grove* [*Orthopedic Associates P.A. v. Allstate Insurance Co.*] do not alter this conclusion").

conflict between Illinois affidavit requirement and Federal Rules when plaintiff has until the summary judgment stage to comply with state law).

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney*
*General*

JACQUELINE C. ROMERO
*United States Attorney*

MARK B. STERN

*s/ Sushma Soni*
SUSHMA SONI
Illinois Bar No. 6204495
*Attorneys, Appellate Staff*
*Civil Division, Room 7218*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4331*
*Sushma.Soni@usdoj.gov*

April 2023

# COMBINED CERTIFICATIONS

1. Government counsel are not required to be members of the bar of this Court.

2. This brief complies with the requirements of Federal Rule of Appellate Procedure 32(a). This brief contains 8,956 words.

3. On April 28, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

4. The text of the electronic version of this document is identical to the text of the hard copies that will be provided.

5. This document was scanned for viruses using Crowdstrike Falcon Sensor version 6.52.16606.0, and no virus was detected.

*s/ Sushma Soni*
SUSHMA SONI

# ADDENDUM

# TABLE OF CONTENTS

Page

Pa. R. Civ. P. 1042.3.............................................................................................. Add.1

# Pa. R. Civ. P. 1042.3

## Certificate of Merit

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

> *Note:* The requirements of subdivision (a) apply to a claim for lack of informed consent.

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

> *Note:* It is not required that the "appropriate licensed professional" who supplies the necessary statement in support of a certificate of merit required by subdivision (a)(1) be the same person who will actually testify at trial. It is required, however, that the "appropriate licensed professional" who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.512.

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

*Note:* A certificate of merit, based on the statement of an appropriate licensed professional required by subdivision (a)(1), must be filed as to the other licensed professionals for whom the defendant is responsible. The statement is not required to identify the specific licensed professionals who deviated from an acceptable standard of care. The purpose of this subdivision is to ensure that a claim of vicarious liability made against a defendant is supported by a certificate of merit. Separate certificates of merit as to each licensed professional for whom a defendant is alleged to be responsible are not required. Only a single certificate of merit as to a claim under subdivision (a)(2) is required.

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

*Note:* In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

(b) (1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

*Note:* This subdivision relates to licensed professionals named as defendants. It should not be interpreted to require certificates of merit under subdivision (a)(2) or otherwise as to non-defendant licensed professionals.

(2) If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant, the attorney for the plaintiff, or the plaintiff if not represented, shall file

    (i) a separate certificate of merit as to each claim raised, or

    (ii) a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).

(c)(1) A defendant who files a counterclaim asserting a claim for professional liability shall file a certificate of merit as required by this rule.

(2) A defendant or an additional defendant who has joined a licensed professional as an additional defendant or asserted a cross-claim against a licensed professional need not file a certificate of merit unless the joinder or cross-claim is based on acts of negligence that are unrelated to the acts of negligence that are the basis for the claim against the joining or cross-claiming party.

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

> *Note:* There are no restrictions on the number of orders that a court may enter extending the time for filing a certificate of merit provided that each order is entered pursuant to a new motion, timely filed and based on cause shown as of the date of filing the new motion.
>
> The moving party must act with reasonable diligence to see that the motion is promptly presented to the court if required by local practice.

In ruling upon a motion to extend time, the court shall give appropriate consideration to the practicalities of securing expert review. There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limitations was about to expire, or if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available.

(e) If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11.