LAW OFFICES
## WILLIAMS & CONNOLLY LLP

JULIA E. FINE
(202) 434-5147
jfine@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 14, 2023

BY ELECTRONIC FILING

Ms. Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Marquis Wilson v. United States*, No. 22-1940 (argument scheduled June 20, 2023)

Dear Ms. Dodszuweit:

Pursuant to the Clerk's letter of June 7, 2023, appellant Marquis Wilson respectfully submits this letter brief addressing the following questions: (1) "whether this Court's application of Pennsylvania Rule of Civil Procedure 1042.3(a), *see, e.g.*, *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011), follows the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)" and, (2) "whether this Court's decisions applying Rule 1042.3(a) are binding if inconsistent with the Supreme Court's holdings, *see, e.g.*, *United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009) and *Karns v. Shanahan*, 879 F.3d 504, 514-15 (3d Cir. 2018)."

## I. This Court's Application of Pennsylvania Rule of Civil Procedure 1042.3(a) Departs from *Shady Grove*

In *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), the Supreme Court articulated a two-step framework for resolving potential conflicts between federal rules and state laws when a federal court sits in diversity. First, courts ask whether the Federal Rules of Civil Procedure answer the disputed question. *Id.* at 398 (majority opinion). If so, the court next asks whether the Federal Rules are valid under the Rules Enabling Act and the Constitution. *Id.* If yes, courts must apply the Federal Rules over countervailing state rules. *Id.* *Shady Grove* considered a New York law prohibiting class actions in suits seeking certain types

1

WILLIAMS & CONNOLLY LLP®

June 14, 2023
Page 2

of damages. *Id.* at 396. This state law and Federal Rule 23, the Court explained, "answer the same question": "whether Shady Grove's suit may proceed as a class action." *Id.* at 398-99. The Court thus held that Federal Rule 23's "one-size-fits-all formula" for the maintenance of a class action displaced the New York law's additional requirements. *Id.* at 399. *Shady Grove* cannot be reconciled with this Court's decisions in *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011), and *Schmigel v. Uchal*, 800 F.3d 113 (3d Cir. 2015), which did not cite *Shady Grove*, let alone apply that framework. Applying the *Shady Grove* framework, this Court should hold that Federal Rules 8, 9, 11, and 12 supplant Pennsylvania Rule 1042.3(a).

1. In a Federal Tort Claims Act suit, the Federal Rules of Civil Procedure apply. *United States v. Yellow Cab Co.*, 340 U.S. 543, 553 & n.9 (1951). But the state law where the "act or omission occurred" supplies the "source of substantive liability." *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (citing 28 U.S.C. § 1346(b)(1)). The Supreme Court's two-step framework in *Shady Grove* thus applies in the FTCA context to resolve potential conflicts between the Federal Rules and state laws. *See* 559 U.S. at 398; *Gallivan v. United States*, 943 F.3d 291, 294-95 (6th Cir. 2019). This Court's decisions in *Liggon-Redding* and *Schmigel* depart from that framework. The question in those cases was whether certain provisions of Pennsylvania's certificate-of-merit requirement apply in federal diversity suits. Those cases held that various Federal Rules of Civil Procedure governing pleadings do not conflict with Pennsylvania Rules of Civil Procedure 1042.3 and 1042.7, and thus required federal courts to enforce those latter rules. *Liggon-Redding*, 659 F.3d at 262-63; *Schmigel*, 800 F.3d at 121-22.

Federal Rules of Civil Procedure 8, 9, 11, and 12 govern the content of pleadings and specify what they must include to survive dismissal. Rules 8 and 9 dictate that a complaint need only contain "a short and plain statement of the claim" to "state[] a claim for relief" unless heightened pleading is required for allegations of fraud or mistake. Fed. R. Civ. P. 8(a), 9(b). Under Rule 11, the attorney's or litigant's signature alone is enough to certify that the pleading's contentions have or "will likely have evidentiary support." Fed. R. Civ. P. 11(b)(3). And a complaint survives a Rule 12(b)(6) motion to dismiss so long as it alleges facts sufficient to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).

By contrast, Pennsylvania Rule 1042.3(a) requires professional negligence plaintiffs to certify either that (1) an expert has stated in writing that there is "a reasonable probability" the defendant breached the standard of care and caused the plaintiff's injury, or (2) expert testimony is unnecessary. Pa. R. Civ. P. 1042.3(a)(1), (3). This "certificate of merit" must be "file[d] with the complaint or within sixty days after filing of the complaint." Pa. R. Civ. P. 1042.3(a). The defendant files his responsive pleading only "after service of the certificate of merit," which operates as an exception to the general rule in Pennsylvania requiring defendants to respond within 20 days of service of the complaint. *Compare* Pa. R. Civ. P. 1042.4, *with* Pa. R. Civ. P. 1026. And before he files the certificate, the plaintiff can take only limited discovery without leave of court. Pa. R. Civ. P. 1042.5. If the plaintiff fails to submit a certificate, the defendant may seek a judgment of *non pros*—the equivalent of dismissal without prejudice. Pa. R. Civ. P. 1042.7; *Schmigel*, 800 F.3d at 117 & n.5; *accord Womer v. Hilliker*, 908 A.2d 269, 275-76 (Pa. 2006).

WILLIAMS & CONNOLLY LLP®

June 14, 2023
Page 3

Under *Shady Grove*, this Court should have first asked whether the Federal Rules and Pennsylvania Rule 1042.3(a) address "the same question." 559 U.S. at 399. The answer should have been yes: federal and Pennsylvania rules both "specif[y] requirements for a case to proceed at the same stage of litigation." *See Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019). The Federal Rules' comprehensive set of pleading requirements do not mandate the filing of any type of certificate to proceed "beyond the pleading stage and into discovery." *Gallivan*, 943 F.3d at 293. Pennsylvania's rule answers that filing question differently, requiring professional negligence plaintiffs to file a certificate of merit, not just a "short and plain statement of the claim," in order to avoid dismissal. Pa. R. Civ. P. 1042.3(a), 1042.7. And that certificate must state that an expert will be unnecessary or has already substantiated the complaint's allegations as "reasonabl[y] probab[le]," not just plausible. Pa. R. Civ. P. 1042.3(a). Thus, because Pennsylvania's rules create "additional hurdle[s] a plaintiff must jump over to" avoid dismissal and proceed to discovery, the Federal Rules displace them. *See Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1334 (D.C. Cir. 2015) (Kavanaugh, J.).

Pennsylvania's certificate requirement operates as a pleading rule even though the plaintiff can file the certificate within 60 days of the complaint. *Cf. Liggon-Redding*, 659 F.3d at 263. Filing the certificate is a prerequisite for "additional pleading and discovery." *Womer*, 908 A.2d at 275. And most importantly, without a certificate, the plaintiff's claim is dismissed at an early stage. Pa. R. Civ. P. 1042.7. Pennsylvania's certificate requirement thus "amounts to a 'precondition[] for maintaining' a medical malpractice suit" that is not found in the federal rules governing pleadings. *See Pledger v. Lynch*, 5 F.4th 511, 522 (4th Cir. 2021) (quoting *Shady Grove*, 559 U.S. at 399) (alteration in original).

Under *Shady Grove*, then, the Federal Rules displace Pennsylvania Rule 1042.3(a), so long as they are valid. And the federal rules unquestionably pass muster under the Rules Enabling Act and the Constitution. The Federal Rules of Civil Procedure are "presumptively valid[] under both the constitutional and statutory constraints." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987). This Court has already explained that there is "no contention that Federal Rules 8 and 9 are beyond the scope of the Rules Enabling Act or inconsistent with the Constitution." *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000). Nor, according to the Sixth Circuit, is there a "reason to doubt the validity" of Rule 12. *Gallivan*, 943 F.3d at 294. And the Fourth Circuit has held that Rule 11 complies with the Rules Enabling Act and the Constitution. *Pledger*, 5 F.4th at 521.

2. This Court's decisions in *Liggon-Redding* and *Schmigel* contravene *Shady Grove* and employ an inquiry that systematically curtails the scope of federal law. Start with *Liggon-Redding*, which applied pre-*Shady Grove* cases and looked for a "direct collision" between Rule 1042.3 and the Federal Rules. *See* 659 F.3d at 262 (citing *Chamberlain*, 210 F.3d at 158-61). That direct-collision requirement contradicts *Shady Grove*'s teaching that no direct conflict is necessary; so long as federal and state laws "answer the same question" and the federal rule is valid, federal law prevails. *See* 559 U.S. at 398-99.

WILLIAMS & CONNOLLY LLP®

June 14, 2023
Page 4

Further, *Liggon-Redding* saw no direct conflict between the Federal Rules of Civil Procedure and Pennsylvania Rule 1042.3 by envisioning that the federal and state laws serve different purposes. 659 F.3d at 262-64. *Liggon-Redding* tried to harmonize the rules, concluding that Federal Rules 8, 9, and 11 only govern pleadings, whereas Pennsylvania Rule 1042.3 requires a certificate filed *after* the complaint and is thus not a pleading rule. *Id.* But, under *Shady Grove*, it is irrelevant whether federal and state laws share the same purpose. 559 U.S. at 402-04. If the federal rule governs the same general area, yet the state law adds additional requirements, federal law trumps so long as the federal rule is valid. *Id.* at 399. From start to finish, *Liggon-Redding*'s analysis departed from the *Shady Grove* framework.

Likewise, *Schmigel* applied *Liggon-Redding* to hold that Federal Rule 12(b)(6) does not conflict with Pennsylvania Rules 1042.3 and 1042.7. 800 F.3d at 122. Rule 12 "tests the sufficiency of pleadings," and because, in the Court's view, Pennsylvania's certificate is not a pleading, the rules "can exist side by side." *Id.* (quoting *Chamberlain*, 210 F.3d at 160). In *Shady Grove*, however, the federal rule provided a "one-size-fits-all formula" for the question at issue, so it did not matter whether the federal and state rules could co-exist. *See* 559 U.S. at 399; *Pledger*, 5 F.4th at 520-22.

Plus, *Schmigel*'s seeming attempt to mitigate a potential conflict—summary judgment, rather than dismissal, for a missing certificate—ran afoul of *Shady Grove*. *Schmigel*, 800 F.3d at 122 & n.13. A summary judgment grant "results in a final adverse decision on the merits." *Brooks v. Hussman Corp.*, 878 F.2d 115, 116 (3d Cir. 1989). In contrast, Pennsylvania Rule 1042.7 only allows for the entry of a judgment of *non pros* (essentially, dismissal without prejudice) upon the plaintiff's failure to file the certificate. *Schmigel*'s reasoning thus contravened *Shady Grove*'s instruction that courts cannot "revis[e] state laws when a potential conflict with a Federal Rule arises," but must "accept the law as written and test the validity of the Federal Rule." 559 U.S. at 404. *Schmigel* instead rewrote the Pennsylvania rules such that federal courts now apply them with harsher consequences than they carry in state court.[1]

Finally, this Court's caselaw concerning New Jersey's certificate-of-merit rule does not salvage *Liggon-Redding* or *Schmigel*'s treatment of Pennsylvania law. In *Nuveen Municipal Trust v. Withumsmith Brown*, 692 F.3d 283 (3d Cir. 2012), this Court considered *Shady Grove*'s effect

---

[1] Further, *Schmigel*'s reasoning does not apply in the FTCA context, where the government has 60 days after service of the complaint to file its answer or motion to dismiss. *See* Fed. R. Civ. P. 12(a)(2). *Schmigel* explained that defendants should move for summary judgment, not dismissal, for failure to file a certificate because their typical 21-day response deadline would usually fall *before* the plaintiff's 60-day certificate-of-merit deadline. 800 F.3d at 122 n.13. But in FTCA cases, the plaintiff's certificate deadline will always precede or fall on the same day as the government's 60-day response due date. The government can indeed address any certificate deficiencies in a motion to dismiss—except that Rule 12 does not permit dismissal for a missing certificate, so it displaces the state requirement.

WILLIAMS & CONNOLLY LLP

June 14, 2023
Page 5

on *Chamberlain v. Giampapa*, its earlier decision upholding the application of New Jersey's rule in federal court. *Id.* at 302-04; *Chamberlain*, 210 F.3d at 159-60. But *Nuveen* held that New Jersey's certificate-of-merit requirement does not conflict with Federal Rules 8 and 9 without asking whether New Jersey's rule "attempts to answer the same question" as the Federal Rules, as *Shady Grove* requires. *Compare* 692 F.3d at 302-04, *with* 559 U.S. at 399. Regardless, New Jersey's rule differs from Pennsylvania's: certificates must be filed 60 days after the defendant files his *answer*, and dismissal for failure to file is *with prejudice*. *Nuveen*, 692 F.3d at 305. New Jersey's certificate thus resembles a pleading less, as it is filed "after the pleadings are closed," and its absence results in a final judgment with no ability to refile. *Id.* at 303 (quoting *Chamberlain*, 210 F.3d at 160).

3. Reinforcing that this Court's cases depart from *Shady Grove*, every other circuit to consider similar state laws requiring certificates of merit under *Shady Grove* has held that the Federal Rules supplant those laws. That "growing consensus" that state certificate-of-merit requirements "do not govern actions in federal court" is all the more reason to eliminate this Court's outlier status. *See Pledger*, 5 F.4th at 518. Take the following circuits' cases:

*Second Circuit:* Applying *Shady Grove*, the Second Circuit held that Federal Rule 8 supplants Connecticut's requirement that medical malpractice plaintiffs attach an expert report to their complaint. *Corley v. United States*, 11 F.4th 79, 88-89 (2d Cir. 2021). Connecticut's rule imposed a "heightened pleading requirement" inconsistent with Rule 8. *Id.* at 89.

*Fourth Circuit:* In *Pledger*, the Fourth Circuit applied *Shady Grove* to hold that Federal Rules 8, 9, 11, and 12 displace West Virginia's requirement that medical malpractice plaintiffs serve an expert certificate on defendants before filing their complaint. 5 F.4th at 519-20. Even though the certificate precedes the complaint, the court recognized that the state rule still answers the same question as the federal rules governing pleadings. *Id.* at 519-20, 22. And the Federal Rules' "'one-size-fits-all formula' for filing and maintaining a complaint" does not require plaintiffs to obtain an expert certificate before filing and maintaining a medical malpractice suit. *Id.* at 520 (quoting *Shady Grove*, 559 U.S. at 399).

*Sixth Circuit:* The Sixth Circuit in *Gallivan* applied the *Shady Grove* framework and concluded that Federal Rules 8, 9, and 12 displace Ohio's requirement that medical negligence plaintiffs attach an expert report to their complaint. 943 F.3d at 293-94. Those rules, the court explained, "answer the same question" as the state rule: "[D]oes someone need an affidavit of merit to state a claim for medical negligence?" *Id.* at 293. And under the Federal Rules, the answer is no. *Id.*; *see also Albright v. Christensen*, 24 F.4th 1039, 1045-46 (6th Cir. 2022) (same for Michigan's similar affidavit-of-merit requirement).

*Seventh Circuit:* Correcting earlier precedent that did not apply the *Shady Grove* framework, the Seventh Circuit held that Rule 8 supplanted Illinois's rule that malpractice plaintiffs attach an expert affidavit to their complaint. *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) (citing *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014)). Rule 8, the court explained, "does

WILLIAMS & CONNOLLY LLP®

June 14, 2023
Page 6

not require attachments." *Id.* The Seventh Circuit did enforce the rule on summary judgment, *id.* at 351-52, but for the reasons explained above, such a solution would improperly revise Pennsylvania's rule. *See supra* p. 4.

## II. The Panel Must Follow *Shady Grove*, Not *Liggon-Redding* and *Schmigel*

This Court must generally follow its precedent "absent en banc reconsideration." *Karns v. Shanahan*, 879 F.3d 504, 514 (3d Cir. 2018). Nonetheless, a panel's "first duty is to follow the dictates of the United States Supreme Court." *United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009) (citation omitted). If "a prior holding of the Court … 'conflicts with intervening Supreme Court precedent,'" a panel alone may revisit the Court's prior holding. *Karns*, 879 F.3d at 514 (quoting *In re Krebs*, 527 F.3d 82, 84 (3d Cir. 2008)). And it is immaterial whether the conflicting Supreme Court precedent "was rendered before or after the [circuit court's] prior decision." *Tann*, 577 F.3d at 541. The panel must "apply the law announced by the Supreme Court as [the panel] find[s] it on the date of [the panel's] decision." *Id.* (quoting *United States v. City of Philadelphia*, 644 F.2d 187, 192 n.3 (3d. Cir. 1980)).

Under those cases, this Court's holdings in *Liggon-Redding* and *Schmigel* "must yield in light of the Supreme Court's" conflicting decision in *Shady Grove*. *See Karns*, 879 F.3d at 515. This conclusion is "further reinforc[ed]" by the intervening circuit court decisions that apply *Shady Grove* to reject the application of state certificate requirements in federal court. *United States v. Stevens*, __ F. 4th __, 2023 WL 3940121, at *5 (3d Cir. June 12, 2023). This Court should instead employ the proper *Shady Grove* framework and hold that Federal Rules 8, 9, 11, and 12 displace Pennsylvania Rule 1042.3(a). As a result, Mr. Wilson never needed to file a certificate of merit in federal court for his claim to proceed—and nothing should preclude him from securing and presenting an expert now.

\* \* \*

This Court should vacate the district court's order granting summary judgment and remand the case for Mr. Wilson to pursue discovery, or at the very least, for the district court to consider Mr. Wilson's Rule 56(d) filing in the first instance.

Respectfully submitted,

*/s/ Julia E. Fine*
Julia E. Fine